# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| TRINSIC RESIDENTIAL GROUP, LP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | CIVIL ACTION NO. 3:24-cv-1704 |
| V. | § | |
| | § | |
| | § | |
| TRG ADVISORS, LLC | § | |
| d/b/a TRG DEVELOPMENT, | § | |
| | § | |
| Defendant. | § | |

## ORIGINAL COMPLAINT

Plaintiff Trinsic Residential Group, LP ("TRG" or "Plaintiff") files this Original Complaint against Defendant TRG Advisors, LLC, d/b/a TRG Development ("TRG Development" or "Defendant") and respectfully states as follows:

## I.     PARTIES

1.     Plaintiff Trinsic Residential Group, LP is a limited partnership duly organized under the laws of Delaware with its principal place of business at 8235 Douglas Avenue, Suite 950, Dallas, Texas 75225.

2.     Defendant TRG Advisors, LLC d/b/a TRG Development is a limited liability company organized under the laws of the State of Ohio with its principal place of business at 3601 Rigby Road, Suite 300, Miamisburg, Ohio, 45342.

## II.     JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), (b) because this action involves claims of trademark infringement arising under federal law as well as related claims of unfair competition.

4.     This Court has personal jurisdiction over Defendant because Defendant has conducted business activities in this state and in this district, conducted activities aimed to deceive consumers in this state and this district, committed trademark infringement directed at the residents of this state and district, and committed unfair competition injurious to persons located in this state and this district, all of which actions are the subject of TRG's claims herein. Defendant has substantial and continuous contacts with this state and this district related to the acts complained of herein.

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to TRG's claims occurred in this district. Defendant has partnered with Texas companies to develop real estate projects in this district and market those properties and services to Texas residents who reside in this district.

### III.   FACTUAL ALLEGATIONS

**A.     TRG and its Trademarks**

6.     Founded in 2011, TRG  develops, constructs, improves, acquires, and manages mixed-use developments and multi-family housing properties.

7.     Since as early as January 2012, TRG has produced, marketed and sold its real estate projects and related services using the trademark TRG. TRG has acquired or developed properties in Texas, Florida, Arizona, North Carolina, and Virginia. TRG operates in both the residential and mixed-use real estate markets.

8.     In connection with its properties and services, TRG has continuously used the mark TRG  in commerce, including through its business names and in its print and online marketing materials. In addition to establishing considerable common law rights in the mark TRG, TRG has

2

obtained United States Trademark Registration No. 7,426,117 for the word mark TRG, as well as 6,037,029 for the stylized version of the TRG mark, as shown below:



(collectively, the "TRG Marks"). U.S. Trademark Registration Nos. 7,426,117 and 6,037,209 are attached hereto as Exhibits A and B, respectively.

9.     TRG additionally uses the TRG Marks in the names of multiple affiliated entities, which commonly serve as asset owners and developers for TRG. These entity names further prompt the customer bases of brokers, banks, and municipalities to associate the TRG Marks with TRG. Examples include:

- TRG NMB 5Park LLC;
- TRG Rim, L.P.;
- TRG Delray Beach Congress LLC;
- TRG Grand Corner, L.P.;
- TRG - Braes Brook, LP;
- TRG - Vista Benbrook GP, LLC
- TRG NMB Member, LLC
- TRG III Venture, LP;
- TRG North Lamar LP;
- TRG Indian School LP.;
- TRG Boca Congress, LP;
- PRIII TRG High Pointe Owner, LP; and
- DRI/TRG Cedar Springs, LLC.

TRG exercises ultimate control over these entities, and the goodwill associated with these businesses inures to TRG's benefit.

10.     For more than 12 years, TRG has used the TRG Marks in association with its services and projects, and it has developed considerable valuable goodwill and brand recognition

3

in association with the TRG Marks throughout the United States, including in Texas and this district. TRG has developed or begun construction on more than 20 properties in North Texas alone.

11.     As a result of the considerable amount of time, labor, and money TRG has expended in designing, developing, promoting, and protecting its rights in the TRG Marks, including by continuously using the TRG Marks in commerce for more than a decade, TRG has established considerable trademark rights in the TRG Marks. The public thus has come to associate the TRG Marks and brand with TRG's high-quality real estate services.

**B.     Defendant's Infringement**

12.     Defendant owns and operates a real estate development company.

13.     More than a decade after TRG's first use of the TRG Marks, Defendant began using a confusingly similar "TRG" mark in a manner that is likely to cause consumer confusion or mistake, or to deceive consumers into believing that Defendant's products and services are affiliated with, connected with, approved by, or associated with TRG.

14.     Through its website located at trgdevelopment.com, Defendant, using an infringing copy of the TRG Marks, advertises that it has capabilities in the industrial, self-storage, and residential real estate sectors. By way of example, Defendant advertises its residential service offerings as follows:

**PLAINTIFF'S ORIGINAL COMPLAINT**



**Residential**

TRG and its sister company DDC Management have developed 4,200 lots across the Southeast and Midwest. Hartizen Homes is a growing central Florida based home builder with 4 active communities currently under construction. Our team brings the production qualities of a large-scale homebuilder and the residential Build-to-Rent capabilities under one roof. TRG brings it all together.

*See* https://www.trgdevelopment.com/capabilities (last visited July 2, 2024).

15.     Like TRG, Defendant develops both commercial and residential properties. Defendant's website clearly advertises the company's commercial and residential services, noting its many industrial projects and stating TRG has also "developed 4,200 lots" of residential development.[1]  Defendant has thus used the "TRG" name in overlapping sectors of the real estate industry as TRG's real estate projects and development services, increasing the likelihood of consumer confusion.

16.     In addition to using the infringing "TRG" mark in overlapping sectors of the real estate industry as TRG, Defendant has developed several projects in geographical markets where TRG has long operated using the TRG Marks. For instance, Defendant, using the infringing TRG Marks, advertises that it is in the process of constructing a "massive" new development in North Texas—where TRG has long been based and operated, as shown below:

---

[1] *See* https://www.trgdevelopment.com/capabilities (last visited July 2, 2024).

**PLAINTIFF'S ORIGINAL COMPLAINT**



*See* https://www.trgdevelopment.com/projects/core45 (last visited July 2, 2024).

17.     Defendant has also developed commercial and residential projects in Florida, where TRG has long used the TRG Marks in association with its projects and services.

18.     Defendant's use of the infringing "TRG" mark in connection with its advertising, offering, selling, and providing similar products and services in commerce that are marketed to similar consumers and in overlapping channels of trade is likely to mislead consumers as to the source of Defendant's goods and is likely to cause consumer confusion or mistake, or to deceive consumers into believing that Defendant's goods and services are affiliated with, connected with, associated with, or endorsed by TRG when they are not.

19.     TRG, through counsel, has repeatedly demanded that Defendant cease and desist from further use of the infringing "TRG" mark, to no avail.

20.     Defendant's infringement of the TRG Marks was done and is being done willfully with the intent to cause consumer confusion, undeserved gain for Defendant, and financial harm to TRG.

**PLAINTIFF'S ORIGINAL COMPLAINT**

6

21.     As a consequence of Defendant's infringement and unauthorized use of the infringing "TRG" mark, TRG has suffered and will continue to suffer irreparable harm, the exact nature, extent, and amount of which cannot be ascertained at this time. Therefore, in addition to damages, TRG is also entitled to preliminary and permanent injunctive relief.

## IV. <u>CAUSES OF ACTION</u>

### <u>*Count One: Trademark Infringement, 15 U.S.C. § 1114*</u>

22.     TRG reincorporates by reference the allegations in the foregoing paragraphs, inclusive, as if the same were set out here in full.

23.     TRG owns U.S. Trademark Registration Nos. 7,426,117 and 6,037,029 for the TRG Marks.

24.     TRG has continuously used the TRG Marks in commerce and has established considerable brand recognition and goodwill with respect to the TRG Marks.

25.     Defendant has and continues to use in commerce reproductions, counterfeits, copies, and colorable imitations of the TRG Marks in connection with the offering of real estate projects and services, which use is likely to cause consumer confusion, mistake, and deception in violation of 15 U.S.C. § 1114.

26.     TRG has been damaged and is likely to continue to be damaged, by Defendant's infringement of the TRG Marks, and TRG seeks and is entitled to recover Defendant's profits from the infringement and the costs of this action pursuant to 15 U.S.C. § 1117(a).

27.     This case is exceptional in light of Defendant's willful use of its infringing "TRG" mark to sell and offer to sell real estate projects and services in the United States and Texas, despite repeated demands that it cease and desist from further acts of infringement. Because this case is

exceptional, TRG is also entitled to recover its attorneys' fees incurred pursuing this action pursuant to 15 U.S.C. § 1117(a).

28.     Defendant's activities have caused and, unless enjoined, will continue to cause irreparable injury to TRG and the goodwill TRG has established in its products, brand, and the TRG Marks over the years.

## Count Two: False Designation of Origin, 15 U.S.C. § 1125(a)

29.     TRG reincorporates by reference the allegations in the foregoing paragraphs, inclusive, as if the same were set out here in full.

30.     TRG has established considerable common law rights in the TRG Marks through continuous use of the marks in commerce in association with its real estate projects and services.

31.     Defendant has developed and marketed projects and services by using the infringing "TRG" mark, including through use of Defendant's website, which has displayed its infringing copies of the TRG Marks in the United States and Texas.

32.     Defendant's unauthorized use of the mark "TRG" is likely to cause confusion, to cause mistake, and to deceive as to the affiliation, connection, and association of Defendant with TRG, TRG's projects and services, and as to the origin, sponsorship, or approval of Defendant's products and services in violation of 15 U.S.C. § 1125(a)(1)(A).

33.     TRG has no control over the nature or quality of the products and services sold and offered for sale by Defendant. Any failure, neglect, or default of Defendant in providing quality goods and services to consumers will reflect adversely upon TRG as the perceived source of origin and/or approval, and may also cause potential damage to the consuming public.

**PLAINTIFF'S ORIGINAL COMPLAINT**

34.    Defendant's activities have caused and, unless enjoined, will continue to cause irreparable injury to TRG and the goodwill TRG has established in its products, services, brand, and the TRG Marks over the years.

35.    TRG has suffered and will continue to suffer substantial damage to its brand, reputation, and goodwill, and TRG seeks and is entitled to recover Defendant's profits from the infringement and the costs of this action pursuant to 15 U.S.C. § 1117(a).

36.    Defendant's conduct constitutes an "exceptional" case under 15 U.S.C. § 1117(a), and TRG is entitled to recover its attorneys' fees incurred pursuing this action.

### *Count Three: Common Law Trademark Infringement and Unfair Competition*

37.    TRG reincorporates by reference the allegations in the foregoing paragraphs, inclusive, as if the same were set out here in full.

38.    Defendant's use of the infringing "TRG" mark in this state and this district in connection with goods and services that are identical to, competitive with, related to, or similar to those offered by TRG in connection with the TRG Marks, constitutes unfair competition, willful and intentional acts and practices, and unfair and deceptive acts and practices wherein Defendant's conduct is likely to cause confusion as to the source of Defendant's goods.

39.    Defendant's actions, taken with actual or constructive knowledge of TRG's rights in the TRG Marks, demonstrate an intent to trade on the goodwill associated with the TRG Marks with the intention of deceiving and misleading consumers and causing irreparable injury to TRG, TRG's business, and TRG's goodwill.

40.    The natural, probable and foreseeable consequence of Defendant's wrongful conduct has been and will continue to be the deprivation of the exclusive rights TRG maintains in its TRG Marks.

9

**PLAINTIFF'S ORIGINAL COMPLAINT**

41.     Defendant's unlawful acts constitute common-law trademark infringement and unfair competition and have created and will continue to create a likelihood of confusion and irreparable injury to TRG unless enjoined by this Court.

42.     Defendant's wrongful conduct, as alleged above, was accompanied by a willful and deliberate indifference to TRG's rights in its TRG Marks, warranting an assessment of trebled, enhanced and punitive damages.

## V. REQUEST FOR INJUNCTIVE RELIEF

43.     TRG reincorporates by reference the allegations in the foregoing paragraphs, inclusive, as if the same were set out here in full.

44.     Defendant has violated 15 U.S.C. §§ 1114 and 1125(a) and committed common law trademark infringement, and TRG is therefore entitled to injunctive relief under 15 U.S.C. § 1116 and under Texas law.

45.     TRG requests that the Court issue preliminary and permanent injunctive relief enjoining Defendant and its officers, directors, agents, employees, successors, assigns and attorneys, and all other persons and entities in active concert or participation with Defendant who receive notice of the injunction, from doing, aiding, causing or abetting the following:

(a)     engaging in any acts or activities directly or indirectly calculated to trade upon the TRG Marks or TRG's reputation and goodwill, including any further use of the infringing "TRG" mark or any other marks that are identical or confusingly similar to the TRG Marks in any physical or electronic medium, including, but not limited to real estate properties, brochures, websites, or other marketing materials;

PLAINTIFF'S ORIGINAL COMPLAINT

(b)    directly or indirectly using in commerce a reproduction, counterfeit, copy, or colorable imitation of the TRG Marks in connection with the sale, offering for sale, distribution, or importation of any goods and/or services;

(c)    directly or indirectly using any false designation of origin, false or misleading description of fact, or false or misleading representation of fact in connection with the sale of Defendant's products or services, including any representation that Defendant is affiliated with TRG;

(d)    passing off, inducing or enabling others to sell or pass off, as products or services produced by or for or distributed with authorization of TRG, any product or service that is not the product or service of TRG, is not produced under the control or supervision of TRG, is not approved by TRG, or is not distributed with TRG's express authorization; and

(e)    otherwise engaging in competition unfairly.

46.    TRG will suffer immediate and irreparable damage, injury and harm for which there is no adequate remedy at law if Defendant is not immediately and permanently enjoined from the conduct listed above.

47.    Public policy favors the protection of intellectual property rights, and the prevention of unfair competition, and any injunctive relief granted herein will therefore be in accordance with public policy.

48.    The potential damage to TRG if the injunctive relief requested herein is not granted far outweighs any harm that Defendant may suffer as a result of the injunctive relief requested. Immediate and permanent injunctive relief is therefore appropriate.

11

**PLAINTIFF'S ORIGINAL COMPLAINT**

## VI. <u>JURY DEMAND</u>

49.     TRG hereby demands a trial by jury of all claims so triable.

## VII. <u>PRAYER FOR RELIEF</u>

WHEREFORE, TRG prays that the Court grant the following relief:

1.      Grant the injunctive relief requested in Section V of this Complaint;

2.      Order Defendant to file with the Court and serve upon counsel for TRG within thirty (30) days after the entry of the injunction prayed for in this Complaint, a written report, sworn to under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

3.      Award TRG its actual damages resulting from Defendant's infringement, which may be trebled in the Court's discretion;

4.      Order Defendant to account for and pay to TRG all profits derived by reason of Defendant's acts alleged in this Complaint and to disgorge such profits to TRG;

5.      Find that this is an "exceptional" case pursuant to 15 U.S.C. § 1117;

6.      Award TRG its costs of suit, including reasonable and necessary attorneys' fees and expenses pursuant to 15 U.S.C. § 1117;

7.      Award TRG pre-judgment and post-judgment interest at the highest legal rate on all sums awarded in the Court's judgment; and

8.      Award TRG such other and further relief to which it may be entitled at law or in equity.

<u>PLAINTIFF'S ORIGINAL COMPLAINT</u>

Respectfully submitted,

/s/ *Jason P. Bloom*
Jason Bloom
HAYNES AND BOONE, L.L.P.
State Bar No. 24045511
2801 N. Harwood St., Suite 2300
Dallas, Texas 75201
Telephone: (214) 651-5000
Telecopier: (214) 651-5940

Michael J. Lambert
michael.lambert@haynesboone.com
State Bar No. 24128020
98 San Jacinto Blvd., Ste. 1500
Austin, Texas 78701
Telephone: (512) 867-8436
Telecopier: (512) 867-8470

**ATTORNEYS FOR PLAINTIFF
TRINSIC RESIDENTIAL GROUP, LP**

**PLAINTIFF'S ORIGINAL COMPLAINT**